UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DAVID A. LONG, <br><br> Plaintiff, <br><br> v. <br><br> NIAGARA RESTITUTION SERVICES, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 5:20-cv-00231 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** DAVID A. LONG ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of NIAGARA RESTITUTION SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing within the Western District of Texas.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant advertises that its "team of professionals ensures speedy recovery of delinquent accounts for [its] clients."[1]   Defendant is a corporation organized under the laws of the state of New York with its principal place of business located at 1349 Caravelle Drive, Niagara Falls, New York 14304, and it regularly collects upon consumers nationwide, including those located in the state of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action stems from Defendant's attempts to collect upon past due personal loan payments ("subject debt") purportedly owed by Plaintiff.

10. Around May 2019, Plaintiff began receiving calls to his cellular phone, (325) XXX-6101, from Defendant.

---

[1] http://niagararestitutionservice.com/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6101. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has used several phone numbers to place collection calls to Plaintiff's cellular phone, including but not limited to: (877) 554-4993.

13. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activity.

14. Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

15. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

16. Plaintiff explained his inability to address the subject debt and demanded that it stop calling.

17. Despite Plaintiff's demands, Defendant has continued to place phone calls to Plaintiff's cellular phone seeking collection of the subject debt up until the filing of the instant action.

18. Plaintiff has received not less than 20 phone calls from Defendant since asking it to stop calling.

19. On at least one occasion, Defendant stated it would be sending a sheriff to his house and charge him with a felony.

20. Moreover, Defendant also threatened Plaintiff with litigation, and to unilaterally garnish Plaintiff's wages and seizure of Plaintiff's property.

21. Around October 1, 2019, Plaintiff spoke with Defendant in an attempt to resolve the subject debt. Defendant failed to disclose itself as a debt collector and state that this was an attempt to collect a debt.

22. Upon information and belief, Defendant failed to disclose itself as a debt collector on more than one occasion.

23. Moreover, Defendant has continuously called Plaintiff's grandparents and sister and falsely state to them that Plaintiff may be put in jail.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

31. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692c(a)(1) and §1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 20 times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to his.

35. Defendant also violated 15 U.S.C. §1692d when it issued multiple baseless threats to Plaintiff. Any reasonable fact finder will conclude that Defendant's litigation, garnishment and seizure threats were harassing and abusing as they were designed to unlawfully coerce Plaintiff into addressing the subject debt.

### b. Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);
>
> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. §1692e(4);
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5);
>
> "The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." 15 U.S.C. §1692e(9);
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and
>
> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11)."

38. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(4), e(5), and e(10) when it deceptively represented that it would unilaterally garnish Plaintiff's wages and/or seize his property. Defendant began its debt collection campaign by telephonically contacting Plaintiff. Thereafter, Plaintiff demanded that Defendant cease contacting his. In response, Defendant relentlessly contacted Plaintiff and threatened litigation without the intent to sue. Moreover, Defendant represented that it had the ability to unilaterally garnish his wages and seize his property. Defendant's lack of intent

to lawfully garnish Plaintiff's wages and/or seize his property can be gauged by its failure to initiate proper proceedings to follow through with its threats. Consequently, Defendant issued its false threats because its intentions were to collect from Plaintiff outside of the judicial process by continuing with its harassing collection campaign.

39. Defendant further violated 15 U.S.C. §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact him via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

40. Moreover, Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector on at least one of its communications. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from prosecuting an FDCPA claim against it.

   c.  **Violations of FDCPA § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 20 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair

7

and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

43. Defendant further violated §1692f when it unfairly and unconscionably threatened to unilaterally garnish Plaintiff's wages and/or seize his property. Any reasonable fact finder will conclude that Defendant's threats were unfair and unconscionable debt collection behavior, as they were designed to place undue pressure on Plaintiff to address the subject debt.

44. Furthermore, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector and unlawfully designed shield itself from any potential retaliation.

45. As pled in paragraphs 22 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff, DAVID A. LONG, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

46. Plaintiff repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

47. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

48. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts to Plaintiff after he demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

49. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff may have given to the originator of the subject consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting him.

50. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

51. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, DAVID A. LONG, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

52. Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

54. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

55. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    **a. Violations of TDCA § 392.301**

56. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.301(7), states that "a debt collector may not use unfair or unconscionable means that employ the following practices: threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings."

57. Defendant violated the TDCA when it deceptively represented that it would unilaterally garnish Plaintiff's wages and/or seize his property. Defendant began its debt collection campaign

by telephonically contacting Plaintiff. Thereafter, Plaintiff demanded that Defendant cease contacting him. In response, Defendant relentlessly contacted Plaintiff and threatened litigation without the intent to sue. Moreover, Defendant represented that it had the ability to unilaterally garnish his wages and seize his property. Defendant's lack of intent to lawfully garnish Plaintiff's wages and/or seize his property can be gauged by its failure to initiate proper proceedings to follow through with its threats. Consequently, Defendant issued its false threats because its intentions were to collect from Plaintiff outside of the judicial process by continuing with its harassing collection campaign. Additionally, Defendant threatened to seize Plaintiff through an arrest, a step it cannot take.

### b. Violations of TDCA § 392.302

58. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

59. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 20 times after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

60. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

### c. Violations of TDCA § 392.304

61. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(5)(B) prohibits, in the case of a third-party debt collector, the failure to disclose, except in a formal pleading made in connection with a legal action: that the communication is from a debt collector.

62. Defendant violated the TDCA when it failed to disclose its status as a debt collector on at least one occasion. Defendant's goal in concealing its status as a debt collector was to obfuscate Plaintiff's federal and state rights.

63. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

64. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting his cellular phone using an automated system absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.

65. Defendant also violated the TDCA when it improperly threatened Plaintiff to unilaterally garnish his wages, seize his property, and when it falsely invoked that it could bring fraud charges against him. All of the aforementioned acts are false and misleading, therefore Defendant's goal was to impermissibly confuse Plaintiff in order to collect from him.

**WHEREFORE**, Plaintiff, DAVID A. LONG, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 23, 2020                                        Respectfully submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*